United States District Court
Southern District of Texas
**ENTERED**
September 14, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| CESAR ALEJANDRO IBARRA, | § |
| | § |
| Petitioner, | § |
| | § |
| VS. | §  CIVIL ACTION NO. 2:23-CV-00052 |
| | § |
| J.W. COX, | § |
| | § |
| Respondent. | § |

## MEMORANDUM AND RECOMMENDATION

Petitioner Cesar Ibarra filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, alleging the Federal Bureau of Prisons ("BOP") has miscalculated his sentencing credit under the First Step Act ("FSA"). (D.E. 1).[1] He requests his release date be recalculated. (D.E. 1). On May 18, 2023, Respondent filed a Motion for Summary Judgment, asserting the BOP reviewed Petitioner's FSA credit and his sentence has now been properly calculated. Alternatively, Respondent asserts Petitioner has failed to fully exhaust his administrative remedies.

Petitioner has failed to file a response which, pursuant to the local rules, is taken as a representation of no opposition to the Motion. After consideration, the undersigned

---

[1] The FSA provides, among other things, for a system allowing eligible prisoners to earn sentence time credits toward time in pre-release custody or supervised release for successfully completing recidivism reduction programming or productive activities. 18 U.S.C. § 3632(d)(4)(A). An inmate can earn 10 or 15 days off a sentence for every 30 days of participation in the program, depending on recidivism risk. 18 U.S.C. § 3632(d)(4)(A)(i),(ii). The maximum credit time an inmate can earn toward early transfer to supervised release is 365 days. 18 U.S.C. § 3624(g)(3). Any credit beyond 365 days may be applied by the BOP to a prisoner's eligibility date for pre-release custody, such as a residential reentry center or home confinement. 18 U.S.C. § 3632(d)(4)(C); 18 U.S.C. § 3624(g)(2).

1 / 7

**RECOMMENDS** Respondent's Motion be **GRANTED** (D.E. 12) and this petition for writ of habeas corpus be **DISMISSED as moot** as Petitioner has now received the relief requested. Alternatively, the undersigned **RECOMMENDS** Petitioner has failed to exhaust his administrative remedies and this case be **DISMISSED**.

## I.   JURISDICTION

Section 2241 petitions must be filed in the district where the prisoner is incarcerated. *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000) (citations omitted). At the time of filing, Petitioner was incarcerated in Three Rivers, Texas and therefore, jurisdiction is proper in this Court. 28 U.S.C. § 124(b)(6); *see McClure v. Hopper*, 577 F.2d. 938, 939-40 (5th Cir. 1978) (explaining that jurisdiction attaches upon the initial filing for habeas corpus relief, regardless of petitioner's transfer or custodial change) (citations omitted). This case has been referred to the undersigned pursuant to 28 U.S.C. § 636.

## II.   BACKGROUND

On July 23, 2007, Petitioner pleaded guilty in the United States District Court for the Southern District of Iowa of conspiracy to distribute cocaine. (D.E. 12-3 and D.E. 12-4). He was sentenced to 360 months incarceration which was later reduced to 292 months. (D.E. 12-3 and D.E. 12-4). Petitioner has earned 735 credit days, the maximum 365 days toward release and 370 credited toward release to a residential reentry center or home confinement placement. (D.E. 12-2, Pages 3 and 9). Plaintiff is now listed as in custody of RRM San Antonio.

### III. SUMMARY JUDGMENT

In deciding a motion for summary judgment, the district court must determine there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56. Generally, Rule 56 applies to federal habeas corpus cases. *Clark v. Johnson*, 202 F.3d 760, 764-65 (5th Cir. 2000).

Once the movant presents a properly supported motion for summary judgment the burden shifts to the non-movant to present significant evidence of the existence of a genuine issue of material fact. *Hamilton v. Segue Software*, *Inc*., 232 F.3d 473, 477 (5th Cir. 2000) (citation omitted). Considering these standards, the undersigned has reviewed Petitioner's claims and Respondent's Motion.

### IV. DISCUSSION

This case was filed on February 16, 2023. (D.E. 1). Petitioner argued he did not receive 818 days of FSA credit. (D.E. 1). Respondent asserts that Petitioner's claim is moot because his sentence, including his FSA credits, was recalculated in March 2023. (D.E. 12, Page 5 and D.E. 12-2). In March 2023, Petitioner's release date was recalculated to include 365 credit days from the FSA program, which is the maximum allowed credit as discussed above, making Petitioner's revised projected release date September 1, 2025. (D.E. 12-2, Pages 3 and 5-6). He is also now in custody at RRM San Antonio, having received 370 days credit toward release to a residential reentry center.

Accordingly, Petitioner has received the relief he was seeking in his petition and, accordingly, his grounds for relief in this action are moot. His petition no longer presents

a live controversy. *Powell v. McCormack*, 395 U.S. 486, 496 (1969) (A case becomes moot "when the issues presented are no longer 'live'"); *American Med. Ass'n v. Bowen*, 857 F.2d 267, 270 (5th Cir. 1988) ("If a dispute has been resolved or if it has evanesced because of changed circumstances, including the passage of time, it is considered moot.") (citation omitted); *Escobar v. Barr*, 824 F. App'x 300, 300-301 (5th Cir. 2020) ("If, during the pendency of litigation, the complaining party receives the relief he originally sought to obtain in court, the action must be dismissed for lack of subject-matter jurisdiction.") (citations omitted). Therefore, the undersigned recommends Respondent's Motion for Summary Judgment be granted and this case be dismissed as moot.

Additionally, even if Petitioner were to assert he has not received the relief requested, he has failed to exhaust his administrative remedies before seeking habeas relief. The administrative remedy procedure for federal prisoners is provided at 28 C.F.R §§ 542.10 to 542.19. Under this administrative procedure, if informal resolution fails, the inmate must pursue a three-level process within the prescribed time intervals. Typically, the inmate must file an appeal to the Warden with a Request for Administrative Remedy commonly referred to as a BP-9; then to the Regional Director with a Regional Administrative Remedy Appeal commonly referred to as a BP-10; and finally to the Office of the General Counsel with a Central Office Administrative Remedy Appeal commonly referred to as a BP-11. 28 C.F.R. §§ 542.13 to 542.15. Administrative remedies have not been exhausted until the inmate's claim has been filed at all levels and has been denied at all levels. *Gutierrez v. Hijar*, No. EP-22-CV-446-FM, 2023 WL 311913, at *1-3 (W.D.

Tex. Jan. 18, 2023). While there are exceptions to the exhaustion requirement which may be appropriate "where the available administrative remedies either are unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be a patently futile court of action," such exceptions apply only in "extraordinary circumstances" and a petitioner bears the burden of demonstrating such circumstances. *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994) (citations omitted).

Here, Petitioner filed a BP-9 but failed to file a BP-10 or BP-11. While Petitioner has included all three forms with his petition, only his BP-9 is stamped as having been received by the BOP, Petitioner has provided the response from the BOP only to his BP-9, and the BOP has provided the affidavit of Tamala Robinson, a legal assistant with the BOP who reviewed Petitioner's administrative record history, stating there is no record of Petitioner ever submitting either a BP-10 or BP-11 related to restoration of FSA credit days. (D.E. 1-1, Pages 4-5 and 8-9 and D.E. 12-1). Again, Petitioner has failed to respond to the pending Motion and has therefore, failed to prove these forms were ever submitted to the BOP. Accordingly, the undersigned also recommends Respondent is entitled to summary judgment because Petitioner has failed to properly exhaust his administrative remedies and has not demonstrated any extraordinary circumstances exist excusing this failure. *Atkinson v. Hawkins*, No. H-22-2652, 2023 WL 2227717, at *2-3 (S.D. Tex. Feb. 24, 2023).

## V. RECOMMENDATION

For the reasons stated above, the undersigned **RECOMMENDS** Respondent's Motion be **GRANTED** (D.E. 12) and this case be **DISMISSED as moot and/or for failure to exhaust**.

Respectfully submitted on September 14, 2023.

                                                        Jason B. Libby
                                        United States Magistrate Judge

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto Ass'n,* 79 F.3d 1415 (5th Cir. 1996) (en banc).